ORDERED.

Dated:  July 06, 2015

*Caryl E. Delano*
Caryl E. Delano
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION
www.flmb.uscourts.gov

In re:                                                                         Case No. 9:15-bk-03126-FMD
                                                                               Chapter 7
Tara S. Wharton-Price,

    Debtor.
_____/

## ORDER SUSTAINING TRUSTEE'S OBJECTION TO CLAIM OF EXEMPTION

THIS CASE came on for hearing on June 18, 2015, of the Chapter 7 Trustee's Objection to Claim of Exemption (Doc. No. 8) and the Debtor's Response (Doc. No. 15).

The record reflects that prior to filing her bankruptcy petition, Debtor maintained a checking account at Charlotte State Bank ("Account") into which she deposited her 2014 tax refund in the total amount of $4,700.00 ("Refund"). Of the $4,700.00 Refund, $2,969.93 (63.19%) was attributable to Debtor's Earned Income Credit. The remaining $1,730.07 (36.81%) was attributable to the refund of payroll tax withholding. Prior to filing her bankruptcy case, Debtor spent $1,734.82 of the Refund. As of the petition date, only $2,965.18 remained on deposit in the Account.[1]

Debtor has claimed the $2,965.18 balance in the Account on the petition date as an exempt Earned Income Credit (EIC) under Fla. Stat. § 222.25(3). The Chapter 7 Trustee objected to

---

[1] There appears to be no dispute that prior to the deposit of the Refund, there was only a nominal amount in the Account and that no other deposits were made to the Account after the deposit of the Refund.

Debtor's claim of exemption, arguing that the bankruptcy estate is entitled to a prorated portion of Account balance on the petition date. Debtor concedes that only the EIC portion of the Refund may be claimed as exempt, but she contends that the funds she spent from the Account were the non-exempt portion of the Refund. Because the balance in the Account on the petition date was less than the amount of the EIC, Debtor argues that she may claim the entire remaining balance in the Account as exempt.

> Fla. Stat. § 222.25(3) permits Florida debtors to claim as exempt their
>
> interest in a refund or a credit received or to be received, or the traceable deposits in a financial institution of a debtor's interest in a refund or credit, pursuant to s. 32 of the Internal Revenue Code of 1986 as amended [the Earned Income Credit].

But because Debtor did not segregate the EIC portion of the Refund, the Court is unable to directly "trace" the funds in the Account to the exempt EIC. When confronted with what is essentially a commingling question, courts generally follow one of three approaches to determine how to trace the exempt portion of the deposit.[2]

Under the "lowest intermediate balance test," courts adopt the fiction that the debtor withdrew the entirety of the non-exempt portion of the tax refund from the bank account, leaving only the exempt portion of the refund in the account as of the petition date. Under the second approach, the "straight percentage" method, courts determine the exempt portion of the balance in the bank account by calculating the percentage of the earned income credit in relation to the total refund and then applying that percentage to the balance of the disputed funds. In *In re Ross*,[3] the court held that this is the fairer way to determine the exempt portion of the petition date balance. The third approach is known as the "first-in, first-out" method. As discussed in *King*, this approach is most appropriately utilized when there are deposits and withdrawals after the initial deposit of the

---

[2] *In re King*, 508 B.R. 71 (Bankr. N.D. Ind. 2014); *In re Marve*, 484 B.R. 735 (Bankr. N.D. Ind. 2013).
[3] 2012 WL 3817792, *3 (Bankr. S.D. Ind. Sept. 4, 2012).

tax refund. But this approach is of limited use when the exempt earned income credit is commingled within the non-exempt portion of the refund.[4]

The Court concurs with *Ross*. Because the non-exempt and exempt portions of the Refund were commingled in a single check and deposited in a single bank account, and because no deposits were made to the Account between the date of the deposit of the Refund and the date of the bankruptcy filing, the "straight percentage" method is the most practical and fairest approach. After all, just as Debtor argues that she first spent the non-exempt portion of the Refund, leaving the exempt portion behind, the Trustee could argue the opposite and take the position that Debtor had first spent the exempt portion of the Refund. Accordingly, it is

**ORDERED:**

1. The Objection is SUSTAINED.

2. Debtor is entitled to exempt 63.19%, or $1,873.70, of the $2,965.18 balance in the Account as of the Petition Date.

The Clerk's Office is directed to serve a copy of this order upon interested parties via CM/ECF.

---

[4] *In re King*, 508 B.R. at 80.